**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Raymond LUNA, Defendant—
Appellant.**

**No. 04–10339.
D.C. No. CR–03–00105–ECR/RAM.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2005.

Decided March 7, 2005.

Sue P. Fahami, U.S. Attorney Office, Reno, NV, for Plaintiff–Appellee.

Michael K. Powell, Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before D.W. NELSON, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM*

Raymond Luna pled guilty to violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2), felon in possession of an illegal firearm. He appeals the calculation of the base offense level, arguing that the district court erroneously counted a prior conviction under California Penal Code §§ 182 and 245(a)(2) as a "prior felony conviction," when calculating the base offense level under the Sentencing Guidelines. *See* U.S.S.G. § 2K2.1(a)(4)(A) (2003). We conclude that the district court properly calculated the base offense level, but vacate the sentence on other grounds and remand for resentencing.

Luna's prior conviction was an adult conviction for more than one year and one month and therefore was appropriately considered by the district court. U.S.S.G. §§ 2K2.1, cmt. n. 15; 4A1.1(a); 4A1.2(d) (2003). Although Luna was a minor when he was previously convicted, he was sentenced as an adult to two years in state prison. The judge allowed him to serve that sentence in the custody of the California Youth Authority, noting on the Abstract of Judgment that Luna was "to be housed at C.Y.A. per Section 1731.5(c)W.I.C." *See* Cal. Welf. & Inst. Code § 1731.5(c) (providing that a court may order a person under 18 years old to be "transferred to the custody of the Youth Authority ... solely for purposes of housing the inmate" who remains "committed to the Department of Corrections"). Because Luna was not "committed" to the Youth Authority, neither of the California statutory provisions relating to the special treatment of offenders subsequent to Youth Authority commitments applies. *See* Cal.Penal Code. § 17(c); Cal. Welf. &

Inst.Code § 1737. The sentence pronounced, not the time actually served, determines the length of a prior sentence under the Sentencing Guidelines. *See United States v. Carrillo*, 991 F.2d 590, 593 (9th Cir.1993). Luna's parole does not alter his original sentence of two years in prison.

We vacate Luna's sentence and remand for discretionary reconsideration of the sentence in light of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 769, 160 L.Ed.2d 621 (2005); and *United States v. Ameline*, 400 F.3d 646 (9th Cir.2005).

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

